IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALEX ADAMS, #01181239, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-111-JDK-JDL |
| BOBBY LUMPKIN, et al., | § § § | |
| Defendants. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Alex Adams, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On March 23, 2023, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice for the failure to state a claim upon which relief may be granted. Docket No. 15. Specifically, the Magistrate Judge found that Plaintiff failed to provide facts allowing an inference that any named Defendant knew of and then disregarded a substantial risk to his safety. Plaintiff filed timely objections. Docket No. 17.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff asserts that he was stabbed and attacked because a fellow prisoner was allowed to "pop out of his cell door," and that Defendants were aware of assaults that have occurred on the prison unit. However, mere general knowledge of unspecified, isolated assaults on the unit is not sufficient to state a claim for deliberate indifference—as it does not indicate that any Defendant knew of and then disregarded a substantial risk to Plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 824 (1994); *see also Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) ("Although Torres alleges that inmates in administrative segregation have weapons and a history of attacking people, he provides no specific examples, nor does he point to any other case in which that was alleged."); *Adamez v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003) ("It is difficult to see how a few isolated incidents of inmates escaping their cells could constitute a 'long and pervasive' problem of which the prison officials must have been aware.").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 15) as

the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

So **ORDERED** and **SIGNED** this **12th** day of **May, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE